In the Matter of RUSSELL KEITH EISMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 5, 1988

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*Bee, DeAngelis & Eisman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Russell Keith Eisman was admitted to practice as an attorney and counselor-at-law by the Appellate Division, First Judicial Department, on January 14, 1980. The respondent pleaded guilty on August 5, 1987, in the District Court of Nassau County, to the class A misdemeanor of petit larceny, section 155.25 of the Penal Law of the State of New York. On September 16, 1987, respondent was sentenced to a term of probation of three years, with therapy as directed by the Probation Department. Respondent has submitted an affidavit admitting the conviction and stating that he has no objection to a suspension of his license to practice law for a period coextensive with his probation period.

The petitioner Departmental Disciplinary Committee moves for an order determining that the crime of which the respondent has been convicted is a serious crime within the meaning of 22 NYCRR 603.12 (b) and directing that the respondent be suspended pursuant to section 90 (4) (f) of the Judiciary Law of the State of New York upon said determination, and further directing, pursuant to section 90 (4) (g) of the Judiciary Law, that the respondent be ordered to show cause why a final order of censure, suspension or removal from office should not occur.

Neither the petitioner's papers nor respondent's affidavit sets forth the circumstances underlying the conviction herein, although respondent indicates that his "health problems" were directly related to the misconduct complained of.

Accordingly, the motion by petitioner should be granted to the extent of suspending respondent from the practice of law pending a final determination and order of this court and further directing respondent to show cause why a final order of suspension, censure or removal from office should not be made.

KUPFERMAN, J. P., SULLIVAN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court.